UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS GREEN, | ) | Civil Action No.: 4:07-1678-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| TIMOTHY MCNAIR JONES and | ) | |
| BOBBY LEE JONES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §1983. Presently before the Court are Defendant's Motion to Compel (Document # 50) Plaintiff's Motion for Judgment as a Matter of Law (Document # 68) and Defendants' Motion for Summary Judgment (Document # 77).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the District Judge.

**II.     PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

On December 27, 2007, Plaintiff filed a Motion for a Court-Appointed Mediator (Document # 47). The Scheduling Order required mediation to take place by May 18, 2008. The undersigned entered an Order (Document # 63) on June 17, 2008, appointing a mediator. An Amended Scheduling Order (Document # 69) was entered on July 2, 2008. It provided a new mediation

deadline of September 1, 2008.

Plaintiff complains in his Motion for Judgment as a Matter of Law that this Court denied him Due Process of Law and Equal Protection of Rights when it failed to rule on his Motion for a Court Appointed Mediator prior to the May 18, 2008, mediation deadline or his May 28, 2008, conviction in Latta Municipal Court on the two traffic tickets that underlie this civil rights action.

Plaintiff's motion fails to set forth any legal or factual grounds against Defendants, nor does Plaintiff set forth the relief he is seeking other than "judgment as a matter of law." Plaintiff's motion lacks merit. Therefore, it is recommended that the Motion for Judgment as a Matter of Law be denied.

### III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A.    Factual History

On January 21, 2007 the Defendant Timothy McNair George was employed with the City of Latta Police Department as a Patrolman First Class. George Aff. at ¶ 1. On that date he observed the Plaintiff driving west on Leitner Street and observed that he did not have a seatbelt on. Id. at ¶ 2. Office George initiated a traffic stop and the Plaintiff was given a citation for "seatbelt violation." Id. at ¶ 3. During the course of the stop the Plaintiff became very argumentative and it appeared to Officer George that the Plaintiff was attempting to provoke him into an argument. Id. at ¶ 4, 7.

Officer Bobby Lee Jones who was employed with the Latta Police Department came upon the scene and observed that Officer George and Plaintiff were in the Quick Stop parking lot and Officer George was giving Plaintiff a traffic citation. Jones Aff. at ¶ 1-2. He also observed the Plaintiff being very argumentative and rude. Id. at ¶ 3. After Plaintiff was given a ticket, Officer Jones remained in the Quick Stop parking lot talking to another individual. Id. at ¶ 5. While

standing in the parking lot at the Quick Stop, Officer Jones observed the Plaintiff drive by slowly on a number of occasions, and it also appeared that the Plaintiff was taking pictures of him with his cell phone. Id. at ¶ 6. Based upon Plaintiff's earlier comments Officer Jones became suspicious of Plaintiff's activities and felt he was possibly being stalked. Id. at ¶ 7. Officer Jones initiated a traffic stop of the Plaintiff and asked him what he was doing including whether he was taking any photographs. Id. at ¶ 8-9. Plaintiff indicated that he was just talking on his cell phone. Id. at ¶ 10. Plaintiff then began messing with his cell phone and Officer Jones believed he may have been deleting pictures. Id. at ¶ 10-11. Officer Jones then asked to see the Plaintiff's cell phone, at which time the Plaintiff placed his vehicle into drive. Id. at ¶ 11-12. Officer Jones instructed the Plaintiff to stop; however, he accelerated hard and drove away. Id. at ¶ 12. Officer George then got into his vehicle to follow the Plaintiff, who stopped a short distance away. Id. at ¶ 13. The Plaintiff was then arrested for "disobedience to a police officer" and he was transported to the Dillon County Detention Center. Id. at ¶ 14.

On June 11, 2008 a jury trial was held and the Plaintiff was found guilty on both the charge of the seatbelt violation and the disobedience to a police officer charge. George Aff. at ¶ 9; Jones Aff. at ¶ 16.

      B.      Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

C.   Discussion

Defendants argue that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff was convicted on both the seatbelt charge and the disobedience to a police officer charge. Heck held, in pertinent part, that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487.

Plaintiff has not provided any evidence that his convictions on the seatbelt charge and the disobedience to a police officer charge have been reversed, expunged, declared invalid, or called into question. Thus, Plaintiff's claims that his citation for not wearing his seatbelt and his arrest for disobeying a police officer are barred by Heck, because they call into question the validity of his convictions.

Plaintiff also asserts that his personal property was illegally seized and searched. A finding of illegal search and seizure would not necessarily call into question the validity of Plaintiff's convictions. Thus, this claim is not barred by Heck. Defendants also argue that they are entitled to qualified immunity from Plaintiff's claims.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether the defendant is protected by qualified immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

When a law enforcement officer asserts qualified immunity protection for liability of a Federal Constitutional violation, the Court must consider two questions; first, the Court must first determine, taken in the light most favorable to the party asserting the injury, whether the facts alleged show the officer's conduct violated a Constitutional right. Miller v. Prince George's County, Md. 475 F.3d 621 (4th Cir. 2007). Only if the answer is yes does the Court advance to the next step, which is to determine whether the right asserted was clearly established at the time of the events at issue; the Court conducts this latter inquiry by determining whether a reasonable officer would have understood that his conduct violated the asserted right. Id. Thus, it is necessary to first determine whether Plaintiff's property was illegally searched and seized.

Following Plaintiff's arrest for disobedience of a police officer, Officer Jones completed a "Towed Vehicle Report," before the vehicle was towed which included an inventory of the contents of the vehicle. Jones Aff. at ¶ 15. An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage. See South Dakota v. Opperman, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976). While an inventory search "must not be a ruse for a general rummaging in order to discover incriminating evidence," Wren v. U.S., 517 U.S. 806, 811 (1996), Plaintiff has presented no evidence nor even alleged that Defendants found anything during the search that was subsequently used as incriminating evidence against him. Thus, the search of Plaintiff's vehicle was not illegal and Plaintiff's rights were not violated. As such, it is not necessary for the Court to move to the next step in the qualified immunity analysis.

Because Plaintiff's claims regarding his citation and arrest are barred by Heck, and Plaintiff's rights were not violated when Officer Jones conducted an inventory search following Plaintiff's arrest, summary judgment is appropriate on Plaintiff's claims.

## III.    CONCLUSION

In light of the above analysis, it is recommended that Plaintiff's Motion for Judgment as a Matter of Law (Document # 68) be denied and Defendants' Motion for Summary Judgment (Document # 77) be granted. If the district judge adopts this recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**